















LMH    6/20/05    10:54
3:05-CV-01217    FEDERAL TRADE V. FIBERTHIN LLC
*2*
*JGM.*

FILED

JUN 17 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

1   MATTHEW DAYNARD
    RONA KELNER
2   Attorneys for the Plaintiff
    Federal Trade Commission
3   600 Pennsylvania Avenue, N.W.
    Washington, D.C. 20580
4   (202) 326-3291 - MD
    (202) 326-2752 - RK
5   (202) 326- 2559 - fax

6   JOHN D. JACOBS
    Cal. Bar. No.134154
7   10877 Wilshire Boulevard
    Suite 700
8   Los Angeles, California 90024
    (310) 824-4360
9   (310) 824-4380 - fax

10

11                IN THE UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF CALIFORNIA
12

13  FEDERAL TRADE COMMISSION,            )
                                         )
14              Plaintiff,               )
                                         )
15        v.                             )   '05 CV 1217  BEN (BLM)
                                         )   Case No.
16  FIBERTHIN, LLC,                      )
    OBESITY RESEARCH INSTITUTE, LLC,     )   STIPULATED FINAL JUDGMENT
17  HENNY DEN UIJL,                      )   AND ORDER FOR PERMANENT
    BRYAN CORLETT,                       )   INJUNCTION, MONETARY AND
18  JAMES AYRES, and                     )   OTHER EQUITABLE RELIEF
    DR. JONATHAN M. KELLEY,              )
19              Defendants.              )
                                         )
20

21

22        Plaintiff, the Federal Trade Commission ("FTC" or "Commission") filed a Complaint for

23  Permanent Injunction and Other Equitable Relief ("Complaint") against Defendants FiberThin,

24  LLC, Obesity Research Institute, LLC, Henny den Uijl, Bryan Corlett, James Ayres, and Dr.

25  Jonathan M. Kelley (collectively, "Defendants") pursuant to Section 13(b) of the Federal Trade

26  Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  Defendants have denied, and do not admit

27  liability for, the allegations in the Complaint, except jurisdictional facts, but agree to the entry of

28  the following Stipulated Final Order for Permanent Injunction, Monetary and Other Equitable

                                    1
                                            ENTERED ON 10-20-05



                    ORIGINAL

1  Relief ("Order"). The Court, being advised in the premises, finds as follows:

2                                        FINDINGS

3  1.       In its Complaint, the Commission alleged that the Defendants violated Sections 5(a) and

4  12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52. The Commission sought permanent injunctive

5  relief for alleged deceptive acts or practices by the Defendants in connection with the marketing

6  and sale of dietary supplements, FiberThin, MetaboUp, Propolene, and Excelerene.

7  2.       This Court has jurisdiction over the subject matter of this case and jurisdiction over all

8  parties. Venue in the Southern District of California is proper.

9  3.       The Complaint states a claim upon which relief can be granted, and the Commission has

10  the authority to seek the relief it has requested.

11  4.       The acts and practices of Defendants were and are in or affecting commerce, as defined in

12  Section 4 of the FTC Act, 15 U.S.C. § 44.

13  5.       Defendants waive all rights to seek judicial review or otherwise challenge or contest the

14  validity of this Order. Defendants also waive any claims that they may have held under the Equal

15  Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of

16  this Order.

17  6.       The action and the relief awarded herein are in addition to, and not in lieu of, other

18  remedies as may be provided by law.

19  7.       Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are

20  binding upon Defendants, and their officers, agents, servants, representatives, employees, and all

21  other persons or entities in active concert or participation with them, who receive actual notice of

22  this Order by personal service or otherwise.

23  8.       Nothing in this Order obviates Defendants' obligation to comply with Sections 5 and 12

24  of the Federal Trade Commission Act, 15 U.S.C. §§ 45, 52.

25  9.       This Order was drafted jointly by plaintiff and Defendants and reflects the negotiated

26  agreement of the parties.

27  10.      The paragraphs of this Order shall be read as the necessary requirements for compliance

28  and not as alternatives for compliance and no paragraph serves to modify another paragraph

                                            2

1   unless expressly so stated.

2   11.   Each party shall bear its own costs and attorneys' fees.

3   12.   Entry of this Order is in the public interest.

4

5   **ORDER**

6   **DEFINITIONS**

7   For purposes of this order, the following definitions shall apply:

8   1.   Unless otherwise specified, "Defendants" shall mean:

9   A.   FiberThin, LLC ("FiberThin"), a limited liability company, its divisions and

10   subsidiaries, its successors and assigns;

11   B.   Obesity Research Institute, LLC ("Obesity Research Institute"), a limited liability

12   company, its divisions and subsidiaries, its successors and assigns;

13   C.   Henny den Uijl, individually and in his capacity as a Managing Member and

14   owner of FiberThin and Obesity Research Institute;

15   D.   Bryan Corlett, individually and in his capacity as a Managing Member and owner

16   of FiberThin and Obesity Research Institute;

17   E.   James Ayres; and

18   F.   Dr. Jonathan M. Kelley.

19   2.   "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or

20   other evidence based on the expertise of professionals in the relevant area, that has been

21   conducted and evaluated in an objective manner by persons qualified to do so, using procedures

22   generally accepted in the profession to yield accurate and reliable results.

23   3.   "Weight loss product" shall mean any product, program, or service designed, used, or

24   purported to produce weight loss, reduction or elimination of fat, slimming, or caloric deficit, or

25   to prevent weight gain, in a user of the product, program, or service.

26   4.   "Substantially similar product" shall mean any product that contains one or more of the

27   following active ingredients:  glucomannan, propol, konjac, konjac root, chromium, green tea,

28   guarana seed, oolong tea, kola nut, bitter orange, cayenne, platycodon grandiflorum, or any

3

1  extracts of these ingredients.

2  5.  "Food," "drug," and "device" shall mean as "food," "drug," and "device" are defined in

3  Section 15 of the Federal Trade Commission Act, 15 U.S.C. § 55.

4  6.  "Covered product or service" shall mean any weight loss product, dietary supplement,

5  food, drug, or device.

6  7.  "Commerce" shall mean as defined in Section 4 of the Federal Trade Commission Act,

7  15 U.S.C. § 44.

8  8.  "Endorsement" shall mean as defined in 16 C.F.R. § 255.0(b).

9  9.  The term "including" in this Order shall mean "without limitation."

10  10.  The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively

11  as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

12

13  **CONDUCT PROHIBITIONS**

14  **I.**

15  IT IS HEREBY ORDERED that Defendants, directly or through any corporation,

16  partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants,

17  representatives, employees, and all persons or entities in active concert or participation with them

18  who receive actual notice of this Order, by personal service or otherwise, in connection with the

19  manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of

20  FiberThin, MetaboUp, Propolene, Excelerene, or any substantially similar product, are hereby

21  permanently restrained and enjoined from making any representation, in any manner, expressly

22  or by implication, including through the use of a trade name or endorsement, that any such

23  product:

24  A.  Causes rapid or substantial weight loss without the need to reduce caloric
       intake or increase physical activity;

25

26  B.  Enables users to lose as much as 8 pounds or more per month without the
       need to reduce caloric intake or increase exercise;

27  C.  Works for all users; or

28

4

D.    Causes substantial weight loss through blocking the absorption of fat or calories.

**II.**

IT IS FURTHER ORDERED that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of FiberThin, MetaboUp, Propolene, Excelerene, or any other covered product or service, are hereby permanently restrained and enjoined from making any representation, in any manner, expressly or by implication, including through the use of a trade name or endorsement:

A.    That such product or service causes weight loss;

B.    That such product or service enables users to lose weight or fat, or any specific amount of weight or fat, without the need to reduce caloric intake or increase physical activity;

C.    That such product or service blocks the absorption of fat or calories or increases metabolism; or

D.    About the health-related benefits, performance, efficacy, safety, or side effects of such product or service,

unless the representation is true, non-misleading, and, at the time it is made, Defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation. *Provided, that,* in addition, for any representation made as an expert endorser, Defendants Ayres and Kelley must possess and rely upon competent and reliable scientific evidence, and an actual exercise of each of their represented expertise, in the form of an examination or testing of the product or service at least as extensive as an expert in the field would normally conduct in order to support any conclusions presented in their representation.

5

**Representations Regarding Tests or Studies**

**III.**

IT IS FURTHER ORDERED that Defendants, directly or through any partnership, corporation, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product or service, in or affecting commerce, shall not misrepresent, in any manner, directly or by implication, the existence, contents, validity, results, conclusions, or interpretations of any test or study.

**FDA Approved Claims**

**IV.**

IT IS FURTHER ORDERED that:

A.     Nothing in this Order shall prohibit Defendants from making any representation for any drug that is permitted in labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; and

B.     Nothing in this Order shall prohibit Defendants from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

C.     Nothing in this order shall prohibit Defendants from making any representation for any device that is permitted in labeling for such device under any new medical device application approved by the Food and Drug Administration.

6

**Monetary Judgment and Consumer Redress**

**V.**

IT IS FURTHER ORDERED that

    A.    Judgment is hereby entered against Defendants FiberThin, Obesity Research Institute, Henny Den Uijl, and Bryan Corlett, jointly and severally, in the amount of ONE MILLION AND FIVE HUNDRED THOUSAND DOLLARS ($1,500,000) for consumer redress, which amount shall be paid to the Federal Trade Commission within ten (10) days after the date of entry of this Order by wire transfer in accord with directions provided by the Commission not later than five (5) days after the date of entry of this Order.

    B.    All funds paid pursuant to this Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph. Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payments under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

    C.    Defendants relinquish all dominion, control and title to the funds paid into the account established pursuant to this Order, and all legal and equitable title to the funds shall vest in the Treasurer of the United States unless and until such funds are disbursed to consumers. Defendants shall make no claim to or demand for the

1  return of the funds, directly or indirectly, through counsel or otherwise; and in the

2  event of bankruptcy of any Defendant, Defendants acknowledge that the funds are

3  not part of the debtor's estate, nor does the estate have any claim or interest

4  therein.

5  D.  Proceedings instituted under this Paragraph are in addition to, and not in lieu of,

6  any other civil or criminal remedies that may be provided by law, including any

7  other proceedings the Commission may initiate to enforce this Order.

8

9  **Right to Reopen**

10  **VI.**

11  **IT IS FURTHER ORDERED** that the Commission's agreement to this Monetary Judgment is

12  expressly premised on the truthfulness, accuracy, and completeness of the financial statements

13  submitted to the Commission by Defendants dated September 21, October 12, October 22, and

14  October 26, 2004, and  January 4 and January 5, 2005.  Such financial statements contain

15  material information upon which the Commission relied in negotiating and agreeing to this

16  Monetary Judgment.  If, upon motion by the Commission, the Court finds that such financial

17  statement of any such Defendant contains any material misrepresentation or omission, the Court

18  shall enter judgment for consumer redress against such Defendant in favor of the Commission in

19  the amount of Forty-One Million Dollars ($41,000,000), which Defendants stipulate is the

20  amount of gross sales of FiberThin, MetaboUp, Propolene, and Excelerene prior to entry of this

21  Order.  The judgment shall become immediately due and payable by such Defendant, and interest

22  computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to

23  accrue on the unpaid balance; **provided, however, that** in all other respects this Order shall

24  remain in full force and effect unless otherwise ordered by the Court; and, **provided further,**

25  **that** proceedings instituted under this provision would be in addition to, and not in lieu of, any

26  other civil or criminal remedies as may be provided by law, including but not limited to contempt

27  proceedings, or any other proceedings that the Commission or the United States may initiate to

28  enforce this Order.  For purposes of this Section, and any subsequent proceedings to enforce

payment, including but not limited to a non-dischargeability complaint filed in a bankruptcy proceeding, Defendants agree not to contest any of the allegations in the Commission's Complaint.

### Consumer Lists

### VII.

IT IS FURTHER ORDERED that:

A.  Defendants FiberThin, Obesity Research Institute, Henny den Uijl, and Bryan Corlett shall within seven (7) calendar days after service of this Order upon Defendants, deliver to the Commission a searchable electronic file of all consumers who purchased FiberThin, MetaboUp, Propolene, and/or Excelerene on or after January 1, 2002 through the date of entry of this Order. Such file shall include each consumer's name and address, the product(s) purchased, the quantity and the amount paid, including shipping and handling charges, and if available, the consumer's telephone number and email address.

B.  Defendants FiberThin, Obesity Research Institute, Henny den Uijl, and Bryan Corlett, and their officers, agents, servants, employees, and attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money at any time prior to entry of this Order, in connection with the purchase of FiberThin, MetaboUp, Propolene, or Excelerene. *Provided, however,* that Defendants FiberThin, Obesity Research Institute, Henny den Uijl, and Bryan Corlett may disclose such identifying information as required in Subparagraph A above, to any law enforcement agency, or as required by any law, regulation, or court order.

9

**Acknowledgment and Receipt of Order**

**VIII.**

IT IS FURTHER ORDERED that within five (5) business days of receipt of this Order as entered by the Court, each Defendant shall execute and submit to the Commission a truthful sworn statement, in the form shown as Attachment A, acknowledging receipt of this Order.

**Distribution of Order**

**IX.**

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.  **Corporate Defendants**: Defendants FiberThin and Obesity Research Institute must deliver a copy of this Order to all principals, officers, directors, and managers. These corporate Defendants also must deliver copies of this Order to all of their employees, agents, representatives, consultants, independent contractors, or other persons who have responsibilities with respect to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendants. For new personnel, delivery shall occur prior to them assuming their position or responsibilities.

B.  **Individual Defendants as Control Person**: For any business engaged in conduct related to the subject matter of this Order that Defendants Henny den Uijl or Bryan Corlett controls, directly or indirectly, or in which such Defendant has a majority ownership interest, the Defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendants Henny den Uijl and Bryan Corlett also must deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their position or responsibilities.

C.  **Individual Defendants as Employee or Non-Control Person**: For any business where Defendants Henny den Uijl or Bryan Corlett is not a controlling person of the business but otherwise engages in conduct related to the subject matter of this Order, the Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.  Defendants FiberThin, Obesity Research Institute, Henny den Uijl, and Bryan Corlett must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Paragraph.

## Compliance Reporting

## X.

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.  For a period of five (5) years from the date of entry of this Order,

    1.  Individual Defendants Henny den Uijl, Bryan Corlett, James Ayres, and Dr. Jonathan M. Kelley each shall notify the Commission of the following:

        a.  Any changes in residence, mailing addresses, and telephone numbers of the Individual Defendant, within ten (10) days of such change;

        b.  Any changes in employment status (including self-employment) of the Individual Defendant, and any change in the Individual Defendant's ownership in any business entity, within ten (10) days of such change. Such notice shall include the name and address of each business that the Individual Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the

Individual Defendant's duties and responsibilities in connection

with the business or employment; and

    c.    Any changes in the Individual Defendant's name or use of any

aliases or fictitious names; and

    2.    Individual Defendants Henny den Uijl and Bryan Corlett and Corporate

Defendants FiberThin and Obesity Research Institute shall notify the

Commission of any changes in corporate structure of the Corporate

Defendant(s) or any business entity that an Individual Defendant(s)

directly or indirectly control(s), or has an ownership interest in, that may

affect compliance obligations arising under this Order, including but not

limited to a dissolution, assignment, sale, merger, or other action that

would result in the emergence of a successor entity; the creation or

dissolution of a subsidiary, parent, or affiliate that engages in any acts or

practices subject to this Order; the filing of a bankruptcy petition; or a

change in the corporate name or address, at least thirty (30) days prior to

such change, *provided that*, with respect to any proposed change in the

corporation about which the Defendant(s) learns less than thirty (30) days

prior to the date such action is to take place, the Defendant(s) shall notify

the Commission as soon as is practicable after obtaining such knowledge.

B.    Sixty (60) days after the date of entry of this Order, Defendants FiberThin,

Obesity Research Institute, Henny den Uijl, Bryan Corlett, James Ayres, and Dr.

Jonathan M. Kelley each shall provide a written report to the Commission, sworn

to under penalty of perjury, setting forth in detail the manner and form in which

they have complied and are complying with this Order.  This report shall include,

but not be limited to:

    1.    For each Individual Defendant:

        a.    The then-current residence addresses, mailing addresses, and

telephone numbers of the Individual Defendant;

      b.    The then-current employment and business addresses and telephone numbers of the Individual Defendant; a description of the business activities of each such employer or business, and the title and responsibilities of the Individual Defendant, for each such employer or business; and

      c.    Any other changes required to be reported under Subparagraph A of this Section.

  2.    For Defendants FiberThin, Obesity Research Institute, Henny den Uijl, and Bryan Corlett:

      a.    A copy of each acknowledgment of receipt of this Order obtained pursuant to Paragraph VIII;

      b.    A statement describing the manner in which Defendant has complied and is complying with Paragraphs I through III, including identification of all products that they advertise or sell, and copies of all their current advertising; and

      c.    Any other changes required to be reported under Subparagraph A of this Section.

  3.    For Defendants Ayres and Kelley:

      a.    A statement describing the manner in which Defendant has complied and is complying with Paragraphs I through III; and

      b.    Any other changes required to be reported under Subparagraph A of this Section.

C.    For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

    Associate Director for Advertising Practices
    Federal Trade Commission
    600 Pennsylvania Ave., NW, Washington, DC  20580
    Attn:  FTC v. FiberThin, LLC, et al., (S.D. Cal.)
    Civil Action No. _____

D.    For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendants. Defendants may have counsel present.

**Compliance Monitoring**

**XI.**

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.    Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants FiberThin, Obesity Research Institute, Henny den Uijl, Bryan Corlett, James Ayres, and Dr. Jonathan M. Kelley each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation;

B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

    1.    obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

    2.    posing as consumers and suppliers to: FiberThin, Obesity Research Institute, Henny den Uijl, and Bryan Corlett, their employees, or any other entity that they manage or control in whole or in part, without the necessity of identification or prior notice; and

    3.    Defendants FiberThin, Obesity Research Institute, Henny den Uijl, and Bryan Corlett shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any

14

1   conduct subject to this Order.  The person interviewed may have counsel

2   present.

3   *Provided however,* that nothing in this Order shall limit the Commission's lawful use of

4   compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

5   obtain any documentary material, tangible things, testimony, or information relevant to unfair or

6   deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C.

7   § 45(a)(1)).

8

9   **Record Keeping Provisions**

10   **XII.**

11   IT IS FURTHER ORDERED that:

12   A.   For a period of six (6) years from the date of entry of this Order, in connection

13       with any business involved in the advertising, marketing, promotion, offer for

14       sale, distribution, or sale of any covered product or service operated by

15       Defendants FiberThin, Obesity Research Institute, Henny den Uijl, and/or Bryan

16       Corlett, or where any such Defendant is a majority owner of the business or .

17       directly or indirectly manages or controls such a business, such Defendant(s) and

18       their agents, employees, officers, corporations, successors, and assigns, and those

19       persons in active concert or participation with them who receive actual notice of

20       this Order by personal service or otherwise, are hereby restrained and enjoined

21       from failing to create and retain the following records:

22       1.   Accounting records that reflect the cost of goods or services sold, revenues

23            generated, and the disbursement of such revenues;

24       2.   Personnel records accurately reflecting:  the name, address, and telephone

25            number of each person employed in any capacity by such business,

26            including as an independent contractor; that person's job title or position;

27            the date upon which the person commenced work; and the date and reason

28            for the person's termination, if applicable;

15

3.  Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

4.  Complaints and refund requests (whether received directly, indirectly or through any third party), including but not limited to reports of adverse incidents claimed to be associated with the use of any covered product or service, and any responses to those complaints or requests;

5.  Copies of all advertisements, promotional materials, sales scripts, training materials, Websites, or other marketing materials utilized in the advertising, marketing, promotion, offering for sale, sale, or distribution of any covered product or service;

6.  All materials that were relied upon in making any representations contained in the materials identified in Subparagraph A(5) of this Paragraph, including all documents evidencing or referring to the accuracy of any claim therein or to the efficacy of any covered product or service, including, but not limited to, all tests, reports, studies, demonstrations, or other evidence that confirm, contradict, qualify, or call into question the accuracy or efficacy of each such product or service;

7.  Records accurately reflecting the name, address, and telephone number of each manufacturer or laboratory engaged in the development or creation of any testing obtained for the purpose of manufacturing, labeling, advertising, marketing, promoting, offering for sale, selling, or distributing any covered product or service;

8.  Copies of all contracts concerning the manufacturing, labeling, advertising, marketing, promotion, offering for sale, sale, or distribution of any covered product or service; and

9.  All records and documents necessary to demonstrate full compliance with

16

each provision of the Order, including but not limited to, copies of acknowledgments of receipt of this Order and all reports submitted to the FTC pursuant to this Order;

B. For a period of six (6) years from the date of entry of this Order, in connection with the advertising, marketing, promotion, offer for sale, distribution, or sale of any covered product or service endorsed by Defendants Ayres and/or Kelley, such Defendant(s), and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

1. Copies of all advertisements, promotional materials, sales scripts, training materials, Websites, or other marketing materials utilized in the advertising, marketing, promotion, offering for sale, sale, or distribution of any covered product or service and in which Defendants Ayres or Kelley appear as an endorser of any covered product or service;

2. All materials that were relied upon by Defendants Ayers or Kelley in making any representations contained in the materials identified in Subparagraph B(1) of this Paragraph, including all documents evidencing or referring to the accuracy of any claim therein or to the efficacy of any covered product or service, including, but not limited to, all tests, reports, studies, demonstrations, or other evidence that confirm, contradict, qualify, or call into question the accuracy or efficacy of each such product or service;

3. Copies of all contracts or agreements concerning, referring, or relating to the endorsement of any covered product or service; and

4. All records and documents necessary to demonstrate full compliance with each provision of the Order, including but not limited to, all reports submitted to the FTC pursuant to this Order.

17

**Retention of Jurisdiction**

**XIII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO STIPULATED.

_____
MATTHEW DAYNARD
RONA KELNER
600 Pennsylvania Avenue, N.W.
Rooms NJ-3213, NJ 3255
Washington, D.C. 20580
Attorneys for Plaintiffs
Tel.: (202) 326-2125, -2162
Fax: (202) 326-3259


Local Counsel:

_____
JOHN D. JACOBS
Cal. Bar No. 134154
10877 Wilshire Boulevard
Suite 700
Los Angeles, California 90024
(310) 824-4360
(310) 824-4380 - fax

_____
FiberThin, LLC
by: HENNY DEN UIJL

_____
OBESITY RESEARCH INSTITUTE, LLC
by: HENNY DEN UIJL

_____
HENNY DEN UIJL, individually and as an
officer or director of FiberThin, LLC and
Obesity Research Institute, LLC

_____
BRYAN CORLETT, individually and as an
officer or director of FiberThin, LLC and
Obesity Research Institute, LLC

_____
WILLIAM I. ROTHBARD
2002 4TH Street, Suite 109
Santa Monica, CA 90405
Attorney for Defendants FiberThin, Obesity
Research Institute, Henny den Uijl, Bryan Corlett,
James Ayers, and Dr. Jonathan M. Kelley
Tel.: (310) 314-4025
Fax:  (310) 314-4026


_____
JAMES AYRES


_____
JONATHAN M. KELLEY, M.D.

**IT SO ORDERED:**

DATED:

_____
JUDGE OF THE DISTRICT COURT

18

**Retention of Jurisdiction**

**XIII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO STIPULATED.

MATTHEW DAYNARD
RONA KELNER
600 Pennsylvania Avenue, N.W.
Rooms NJ-3213, NJ 3255
Washington, D.C. 20580
Attorneys for Plaintiffs
Tel.: (202) 326-2125, -2162
Fax: (202) 326-3259

FiberThin, LLC
by: HENNY DEN UIJL

OBESITY RESEARCH INSTITUTE, LLC
by: HENNY DEN UIJL

HENNY DEN UIJL, individually and as an officer or director of FiberThin, LLC and Obesity Research Institute, LLC

Local Counsel:

JOHN D. JACOBS
Cal. Bar No. 134154
10877 Wilshire Boulevard
Suite 700
Los Angeles, California 90024
(310) 824-4360
(310) 824-4380 - fax

BRYAN CORLETT, individually and as an officer or director of FiberThin, LLC and Obesity Research Institute, LLC

WILLIAM I. ROTHBARD
2002 4TH Street, Suite 109
Santa Monica, CA 90405
Attorney for Defendants FiberThin, Obesity Research Institute, Henny den Uijl, Bryan Corlett, James Ayers, and Dr. Jonathan M. Kelley
Tel.: (310) 314-4025
Fax: (310) 314-4026

JAMES AYRES

JONATHAN M. KELLEY, M.D.

**IT SO ORDERED:**

DATED:

JUDGE OF THE DISTRICT COURT

18

1

**Retention of Jurisdiction**

2

**XIII.**

3

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

4

purposes of construction, modification, and enforcement of this Order.

5

SO STIPULATED.

6

7

_____
MATTHEW DAYNARD

8

RONA KELNER
600 Pennsylvania Avenue, N.W.

9

Rooms NJ-3213, NJ 3255
Washington, D.C. 20580

10

Attorneys for Plaintiffs
Tel.: (202) 326-2125, -2162

11

Fax: (202) 326-3259

12

13

Local Counsel:

14

15

_____
JOHN D. JACOBS

16

Cal. Bar No. 134154
10877 Wilshire Boulevard

17

Suite 700
Los Angeles, California 90024

18

(310) 824-4360
(310) 824-4380 - fax

19

20

21

22

23

24

25

**IT SO ORDERED:**

26

DATED:

27

28

_____
FiberThin, LLC
by: HENNY DEN UIJL

_____
OBESITY RESEARCH INSTITUTE, LLC
by: HENNY DEN UIJL

_____
HENNY DEN UIJL, individually and as an
officer or director of FiberThin, LLC and
Obesity Research Institute, LLC

_____
BRYAN CORLETT, individually and as an
officer or director of FiberThin, LLC and
Obesity Research Institute, LLC

_____
WILLIAM I. ROTHBARD
2002 4TH Street, Suite 109
Santa Monica, CA 90405
Attorney for Defendants FiberThin, Obesity
Research Institute, Henny den Uijl, Bryan Corlett,
James Ayers, and Dr. Jonathan M. Kelley
Tel.: (310) 314-4025
Fax:  (310) 314-4026

_____
JAMES AYRES

_____
JONATHAN M. KELLEY, M.D.

_____
JUDGE OF THE DISTRICT COURT

18

**Retention of Jurisdiction**

**XIII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO STIPULATED.

_Matthew Daynard_

MATTHEW DAYNARD
RONA KELNER
600 Pennsylvania Avenue, N.W.
Rooms NJ-3213, NJ 3255
Washington, D.C. 20580
Attorneys for Plaintiffs
Tel.: (202) 326-2125, -2162
Fax: (202) 326-3259

Local Counsel:

JOHN D. JACOBS
Cal. Bar No. 134154
10877 Wilshire Boulevard
Suite 700
Los Angeles, California 90024
(310) 824-4360
(310) 824-4380 - fax

FiberThin, LLC
by: HENNY DEN UIJL

OBESITY RESEARCH INSTITUTE, LLC
by: HENNY DEN UIJL

HENNY DEN UIJL, individually and as an officer or director of FiberThin, LLC and Obesity Research Institute, LLC

BRYAN CORLETT, individually and as an officer or director of FiberThin, LLC and Obesity Research Institute, LLC

_William J. Rothbard_

WILLIAM I. ROTHBARD
2002 4TH Street, Suite 109
Santa Monica, CA 90405
Attorney for Defendants FiberThin, Obesity Research Institute, Henny den Uijl, Bryan Corlett, James Ayers, and Dr. Jonathan M. Kelley
Tel.: (310) 314-4025
Fax: (310) 314-4026

JAMES AYRES

_Jonathan M. Kelley MD_

JONATHAN M. KELLEY, M.D.

IT SO ORDERED:

DATED: 6/17/05

_[signature]_

JUDGE OF THE DISTRICT COURT

18

1

**ATTACHMENT A**

2

3          IN THE UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF CALIFORNIA

4

5   FEDERAL TRADE COMMISSION,                )
                                             )
6                        Plaintiff,          )
                                             )
7               v.                           )
                                             )   Case No._____
8   FiberThin, LLC,                          )
    OBESITY RESEARCH INSTITUTE, LLC,         )
9   HENNY DEN UIJL,                          )
    BRYAN CORLETT,                           )
10  JAMES AYRES, and                         )
    DR. JONATHAN M. KELLEY,                  )   Judge
11                                           )
                        Defendants.          )
12  _____)

13  **AFFIDAVIT OF DEFENDANT** _____

14          _____, being duly sworn, hereby states and affirms:

15          1.      My name is_____. My current residence address is

16  _____. I am a citizen of the United

17  States and am over the age of eighteen.  I have personal knowledge of the facts set forth in this

18  Affidavit.

19          2.      I am a defendant in FTC v. FiberThin, LLC, et al. (United States District Court for

20  the Southern District of California.)

21          3.      On (date) _____, 2005 I received a copy of the Stipulated Final

22  Judgment and Order for Permanent Injunction, Monetary and Other Equitable Relief, which was

23  signed by the Honorable _____, United States District Court Judge for the

24  Southern District of California.  A true and correct copy of the Order I received is appended to

25  this Affidavit.

26

27          I declare under penalty of perjury under the laws of the United States that the foregoing is

28  true and correct.  Executed on [date], at [city and state].

1

2

_____
(Defendant's full name)

3  STATE OF _____
   COUNTY OF _____
4  BEFORE ME this day personally appeared _____, who being first duly
   sworn, deposes and says that s/he has read and understands the foregoing statement and that s/he
5  has executed the same for the purposes contained therein.
   SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2005 by
6  _____. S/he is personally known to me or has
   presented (state identification) _____ as identification.

7                                        _____
                                         (print name)
8                                        NOTARY PUBLIC
                                         Commission Number
9                                        Affix Seal

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28